Tyler,
one of the judges of the court of admiralty. Two points arise in the cause, 1. Whether the prisoner is entitled to the benefit of clergy upon the offences charged in the indictment ? 2. Whether the indictment is sufficient ?
As to the first. I am of opinion, that the prisoner is not entitled to the benefit of clergy. For arson was punishable with death at common law; and although clergy was allowed by the statute pro clero., 25 Ed. 3, cap. 4, yet it was taken away by the statutes of the 23 and 25 Hen. 8: and notwithstanding the latter was repealed, for a time, by the 1 Ed. 6, it was revived in tato, by the 6 Ed. 6. This is the sound construction of the statutes; and the decisions have all been conformable to it. Powlter’s case, 11 Co. 29, is clear; and Coke, Hale, Hawkins and Foster, unite in opinion that the decision was correct. The point, therefore, no longer admits of discussion; for, were it even less clear, it would be dangerous to decide against such long admitted precedents upon statutes of such antiquity, although upon one *114 of our acts of assembly, I shall, whenever the case is doubtful, incline to follow the letter of the statute.
With respect to the indictment, the precedents justify it; and none to the contrary have been produced. The exception, that it is not laid as the dwelling house of Clayton, has no weight with me; for, if it had appeared upon the trial that it was not a house upon which arson could be committed, the jury would have been instructed to acquit the prisoner : And the words, “ a certain house of one William Clayton,” are equivalent to dwelling house, that being the primary meaning of the word house. The exception with regard to the prison, has as little foundation. For the words “ common gaol and county prison in the said county of New Kent,” imply that it is the property, which the law directs the county to provide, and that it is a dwelling house; for it is the abode of the persons who may happen to be confined there; and it would be strange if, instead of their being under the protection of the law, the house might be burnt about their ears, and they left to perish in the flames. The rest of the exceptions are unimportant, and require no discussion.
Henry, one of the judges of the court of admiralty. The exceptions to the indictment wilj, be first considered; for, if either of them is sustainable, the question, as to the benefit of clergy, cannot come into view.
The first and second exception are, in effect, the same; and go to a supposed defect in the description of the houses, in consequence of one of them being called the house, of William Clayton, and the other the common gaol and county prison. But both appear to me to be well enough charged. For as to Clayton's house; that word, prima facie, means 'a dwelling-house, and the word of denotes property in it: And, as to the prison, the words, “ common gaol and county prison,” mean the house that is directed, by the act of assembly, to be provided and kept, by the county, forthe abode of those who are committed to custody by the ministers of *115 public justice. Consequently, both are the subject of arson. But if one of them had been trespass only, it Would not have availed the prisoner; for the assignment of a cause, not amounting to the offence, will not prevent judgment upon the matter which constitutes the offence. 1 Ld. Raym. 712. 2 Ld. Raym. 886. The rest of the exceptions are substantially included in those just considered; and therefore I think them all unimportant.
As to the benefit of clergy: . I am of opinion that it is taken away. Those who burnt houses were, under the statute pro clero., 25 Ed. 3, cap. 4, entitled to clergy, until the 23 and 25 Hen. 8, took it away : But it was restored by the 1 Ed. 6; and again taken away, by the necessary construction of the 6 Ed. 6. For, if the extent of the latter was intended to be limited, it would have stopt at the case of the fugitives; but, instead of that, it goes on to enact, that the said act, made in the said twenty-fifth year, touching “ the putting of such offenders from their clergy; and every article, clause and sentence, contained in the same, touching clergy, shall stand in full strength and virtue.” Which embraces the present case : for the words, “ such offences,” ought to be referred to such offences as are contained in any article, clause or sentence of the statute of the 23 Hen. 8, recited in the preamble of that of the 25 Hen. 8: one of which was arson. Consequently, I infer that the statutes of the 23 and 25 Hen. 8, were revived by that of the 6 Ed. 6: which has been the construction of the English judges for a long series of years; and seems to have been adopted by parliament, in the statute 4 and 5 Ph. & M. So that principle and precedent unite in the interpretation.
I am therefore of opinion that the indictment is good; and that the prisoner is ousted of clergy.
Tazewell, one of the judges of the general court. In reviewing the exceptions to the indictment, the only doubt I entertained was with respect to the description of the houses, and the blending two offences in the same count. But, upon *116 examining the authorities, I find that two offences may be . . . .... in one count, and that it the indictment states the burning of the house, without any addition, it is arson: which applies to each of the houses set forth in the present indictment, and, consequently, both are sufficiently described; for it is the duty of the judges who try the cause, if they find that the house proved is not one upon which arson can be committed, to direct the jury to acquit the prisoner. The, rest of the-exceptions are groundless; and therefore the indictment is good, as an indictment at common law.
The next question to-be considered is, whether the prisoner is entitled to the benefit of clergy ? By the statute 1 Ed. 6, clergy is allowed in cases of arson; and it must be made clear, upon sound principles, that it has been since taken away, or I can not admit that the prisoner is ousted of it: for the uniformity of decisions, upon the point, does not weigh.much with me. Precedents, like many other things, |may be carried too far; and, although adjudications upon ¡statutes are often to be considered, as valuable expositions jof the grounds and extent of the enactments, yet, in a case ¡of life and death, I cannot be bound by the dictum of a ¡British judge, upon a written law; for, although I venerate «precedents, I venerate the written law more. Powlter’s case, as coming from lord Cohe, I approach with more reverence, than if it came from any other hand. But it is evidently felo de se; for he says that arson is ousted of clergy, because the statute 25 Hen. 8, is revived; but he says also, that the statute 23 Hen. 8, is not revived. Which, if true, destroys the authority of the case altogether; for; if clergy is taken away, it is by statute 23 and not 25 Hen. 8. Again; the statute 25 Hen. 8, does not extend to the case of a conviction by verdict: upon what principle is it then, that Powlter, (who was convicted by verdict,) was adjudged to death? It has been said, however, that the case did not rest upon the revival of the statutes 23 and 25 Hen. 8, but upon the construction of the 4 and 5 Ph. & M., and yet it is laid down by lord Coke, in another place, that a *117 statute, taking away clergy from the accessary, does not take it from the principal; nor vice versa; with Hawkins agrees. Perhaps it will be said, that although the points insisted on have, separately, no weight, yet they are conclusive when taken collectively. If that argument were, in any degree, admissible, surely, the collected matters// ought not to be inconsistent with each other: whereas, here, the most heterogeneous things are brought together, and aS precedent formed; which, because it has the sanction of/ two hundred years, we are told is to have the validity of a'j statute. That, however, is a doctrine, to which, I can never| accede. Under no point of view, therefore, ought Fowlter’s case, in my opinion, to regulate our judgment. The statute of the 25 Hen. 8, is the only statute mentioned in the enacting clause of the 6 Ed. 6 ; and, if we believe the words of the latter, the legislature meant to revive only so much of the 25 Hen. 8, as relates to fugitives, into a different county. The preamble gives an antecedent to the word such, to wit, offenders; which must relate to the fugitives only. This construction seems to me to be confirmed by the English parliament themselves: for the statutes 4 and 5 Ph. & M., and 3 and 4 W. & M., were calculated to reach offences included in the statutes of the 23 and 25 Hen. 8; which would have been unnecessary, if those statutes had been revived in toto. The statute 25 Hen. 8, has not a word relating to conviction by verdict; and to intend that the statute 23 Hen. 8, was revived by it, is carrying intendment further, than it ever has been carried, except in Pomíferas case. But, if the latter statute was revived, although the indictment is a good indictment at common law, it should, in order to oust the prisoner of clergy, have charged, in the words of the statute, that the arson was committed on a dwelling house. Upon the whole, I am clearly of opinion, that the prisoner is entitled to clergy; and that it ought to be so certified to the general court.
*118 Mercer, one of the judges of the general court. The ... , . . ., , . , indictment being an indictment at common law, might be more general in the description than if it had been upon a statute; because, in the latter case, a literal pursuit of the words is necessary, in order to bring the case within the operation of the statute. The obvious meaning of the words house of William Clayton, is that it was a dwelling house that was burnt, and that it belonged to William Clayton; for the word of signifies property; and house prima facie, means a place of abode. And if it had been of such a character that arson could not be committed on it, the judges ought, ex officio, to have directed the jury to acquit the prisoner. Therefore, the first house, and the property in it, are both sufficiently described. And as to the prison, if it were true that burning ¡of a prison is not felony, it would not avail the prisoner; for coupling an inferior of-fence with a higher, will not arrest judgment for the higher: But it is not true; for burning a prison is felony, because it is a house. 2 Black. Rep. 682. The description of it as the common gaol and county prison, in the county of New Kent, is sufficient, both as to the kind of house, and the property in it; because those are known terms in law'; for the house is one, which the act of assembly directs to be provided by the county; and the use of it to serve as the abode of- those committed to custody under legal process: which brings it within the principle of Harris’s case, Fost. Cr. Law, 113; for Ædes alienas combussit. The rest of the exceptions are without any foundation; and therefore, I conclude that the indictment is good.
The only question then is, whether the prisoner be ousted of clergy ? The statute of the 1 Ed. 6, repealing those of the 23 and 25 Hen. 8, was, in effect, repealed, and the two Jast revived in omnibus, by statute 6 Ed. 6. For, as was observed by judge Henry, if the extent of the latter was to have been limited, it would have stopt at the case of the fugitives; but when, instead of that, it goes on to declare that every article, clause and sentence, contained in the re *119 cited statute, which itself recites that of the 23 Hen. 8, touching clergy, shall stand in full strength and virtue, it necessarily revives both of them, as to the ouster of clergy; for the words such offences, plainly relate to all the offences mentioned in the 6 Ed. 6; and, therefore, when that statute declares that every article, clause and sentence concerning clergy, as to such offences, shall stand, it necessarily revives the whole clause; and, consequently, takes in all the offences embraced by it: which comprehends arson; for the 23 Hen. 8, was, in effect, engrafted into that of the 25 Hen. 8. This was the decision in Powlter’s case; and the interpretation plainly recognized by the statute of the 4 and 5 Ph. & M.: which may be regarded, as a parliamentary construction, that the statutes of the 23 and 25 were revived by that of the 6 Ed. 6. Such solemn decisions ought to he adhered to; for precedents, instead of being dangerous to life, are calculated, in every instance, to save it; and as our ancestors brought the doctrine in Powlter’s case, with them into this country, it ought to be regarded as the law of the land. I am therefore of opinion, that the prisoner is not entitled to clergy.